UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TRAVIS L. REED and TARA Y. REED,<br>　　　Plaintiffs,<br><br>　　vs.<br><br>AID ASSOCIATES, INC., a New York<br>corporation, d/b/a PLAZA ASSOCIATES, and<br>DAIMLERCHRYSLER FINANCIAL<br>SERVICES AMERICAS, LLC, a Michigan<br>limited liability company,<br>　　　Defendants. | 1:06-cv-1212- LJM-WTL |

### ORDER ON DEFENDANT DAIMLERCHRYSLER FINANCIAL SERVICES AMERICAS, LLC'S MOTION TO STAY AND TO COMPEL ARBITRATION

This cause is before the Court on Defendant's, DaimlerChrysler Financial Services Americas, LLC ("Chrysler"), Motion to Stay and to Compel Arbitration (Docket No. 75). Plaintiffs, Travis L. Reed and Tara Y. Reed (collectively, "the Reeds"), brought this action alleging that Defendant AID Associates, Inc., d/b/a Plaza Associates ("Plaza") violated provisions of the Federal Debt Collection Practices Act ("FDCPA") and that Chrysler violated Indiana defamation laws. Chrysler requests that the state law claim against it be stayed pending arbitration of the claim. Chrysler contends that arbitration is required based on the language of a contract between it and the Reeds.

This matter has been fully briefed and is now ripe for ruling. For the reasons that follow, Chrysler's motion is **GRANTED**.

## I. **BACKGROUND**

On October 18, 2000, the Reeds entered into a Retail Installment Contract to purchase a used Ford F150 from Hubler Dodge, Inc. The contract was later assigned to Chrysler. The contract contained an arbitration clause, which provided the following:

> Any claim or dispute, whether in tort, contract, or otherwise . . . between you and us or our employees, agents, successors or assigns, which arise out of or relate to this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election (or the election of any such third party), be resolved by a neutral, binding arbitration and not by a court action.

Retail Installment Contract (attached as exhibit to Chrysler's motion).

Subsequently, on June 15, 2001, the Reeds filed a Chapter 13 bankruptcy petition. Chrysler appeared in the bankruptcy proceeding and filed a proof of claim. Later, on April 5, 2005, the Reeds sought to amend their Chapter 13 plan. The bankruptcy court approved the amendment on January 18, 2006. The amendment included a provision pertaining to the debt for the Ford F150. Specifically, the Reeds agreed to surrender the vehicle to Chrysler, and the amounts remaining on the debt were to be treated as an unsecured claim. On August 8, 2006, the Reeds were discharged from liability for their debts.

During pendency of the bankruptcy proceeding, Chrysler allegedly turned the Reeds' account over to several different collection agencies, one of which was Plaza. The Reeds' defamation claim against Chrysler is based on contact with the Reeds from these collection agencies demanding payment on the debt, and the Reeds' FDCPA claim stems from those contacts.

## II.  DISCUSSION

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, was enacted "to place arbitration agreements 'upon the same footing as other contracts.'" *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 511 (1974) (quoting H.R. Rep. No. 96, at 1, 2 (1924)).  The FAA provides that binding arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  Thus, a party may move to stay or dismiss an action on the ground that the FAA requires that an arbitration provision be enforced. *See Volkswagon of Am., Inc. v. Sud's of Peoria, Inc.*, 474 F.3d 966, 970 (7th Cir. 2007) (citing 9 U.S.C. §§ 3-4).

The Seventh Circuit has noted that arbitration provisions should be read broadly and that ambiguities as to scope should be resolved in favor of arbitration.  *See, e.g.*, *Wlborn Clinic v. Medquist, Inc.*, 301 F.3d 634, 639 (7th Cir. 2002) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983); *Miller v. Flume*, 139 F.3d 1130 (7th Cir. 1998)).  Here, it is clear from the language of the arbitration provision in the Retail Installment Contract that it is broad enough to encompass the Reeds' defamation claim.  Specifically, the provision applies to *any* claim that arises out of or is related to the contract.  *See* Retail Installment Contract.  The Reeds allegation that Chrysler is liable for defamation by attempting to collect the outstanding debt during the bankruptcy proceeding certainly arises from or is related to the contract.  The only question then is whether the arbitration provision should be enforced.  The Reeds present two arguments in opposition to Chrysler's request that the defamation claim be submitted to arbitration: (1) the provision is not enforceable because the Retail Installment Contract was an executory contract within the meaning of 11 U.S.C. § 365 and was not expressly assumed in the bankruptcy proceeding; and

3

(2) Chrysler has waived any right to arbitration by litigating in this Court. The Court addresses each argument in turn.

The Court first concludes that the Retail Installment Contract is not an executory contract. An executory contract is one where "performance is due to some extent on both sides." *In re Crippin*, 877 F.2d 594, 596 (7th Cir. 1989). In other words, an executory contract is one where "'the obligation of both the bankrupt and the other party to the contract are so far underperformed that the failure to complete performance would be a material breach excusing the performance of the other.'" *In re Chi., Rock Island & Pac. R. Co.*, 604 F.2d 1002, 1004 (7th Cir. 1979) (quoting Countryman, *Executory Contracts in Bankruptcy: Part I*, 57 Minn. L. Rev. 439, 456 (1973)).

Although the Court is unaware of any decision from the Seventh Circuit involving circumstances similar to this case, several courts have concluded that a contract is not an executory contract where the only remaining obligation is for the debtor to pay money. *See, e.g.*, *In re Computer Utilization, Inc.*, 508 F.2d 673, 675 (5th Cir. 1975) (concluding that contract with attorney who had performed collection services was not executory); *In re Cornwall Hill Realty, Inc.*, 128 B.R. 378, 381-82 (S.D.N.Y. 1991) (concluding that agreement with company for consulting and managing services was not an executory contract where company had performed the services); *In EES Lambert Assocs.*, 62 B.R. 328, 336 (N.D. Ill. 1986) (concluding that promissory note and mortgage where not executory contracts). In fact, at least one court has held that a contract for a loan to purchase a vehicle was not an executory contract under 11 U.S.C. § 365. *See In re Whatley*, 16 B.R. 394, 397-98 (N.D. Ohio 1982).

The Court finds these cases persuasive and concludes that the Retail Installment Contract is not an executory contract. At the time that the Reeds filed for bankruptcy, Chrysler essentially had

4

no obligations remaining. Instead, the only significant obligation that was left to be performed was for the Reeds to finish making the payments. Thus, the Retail Installment Contract was not an executory contract within the meaning of 11 U.S.C. § 365 because there was no significant performance remaining for both parties to complete that would constitute a material breach if left unperformed. *See In re Chi., Rock Island & Pac. R. Co.*, 604 F.2d at 1004.

Having concluded that the Retail Installment Contract is not an executory contract, the only remaining question is whether Chrysler has waived its right to arbitration. This is a crucial question because the language of the FAA indicates that a request for a stay of the proceedings pending arbitration should not be granted if a party is "in default in proceeding with such arbitration." 9 U.S.C. § 3. There is no rigid rule for determining what constitutes a waiver of the right to arbitrate, and the issue depends on the circumstances of each case. *See St. Mary's Med. Ctr. of Evansville, Inc. v. Disco Aluminum Prods. Inc.*, 969 F.2d 585, 587-88 (7th Cir. 1992) ("*St. Mary's*"). "The essential question is whether, based on the circumstances, the alleged defaulting party has acted inconsistently with the right to arbitrate." *Id.* at 588 (citing *Morrie & Shirley Mages Found. v. Thrifty Corp.*, 916 F.2d 402, 405 (7th Cir. 1990), and *Dickinson v. Heinhold Sec., Inc.*, 661 F.2d 638, 641 (7th Cir. 1981)).

The Reeds argue that several of Chrysler's actions in this case demonstrate that Chrysler has acted inconsistently with the right to arbitrate and, accordingly, that the Court should find that Chrysler has waived its right to arbitrate. Specifically, the Reeds note that Chrysler participated in case management discussions with the parties and the Court, Chrysler filed several requests for enlargements of time to respond to the Amended Complaint, Chrysler has filed a preliminary witness and exhibit list, and Chrysler filed an unsuccessful motion to dismiss for lack of subject matter

jurisdiction. Moreover, the Reeds point out that Chrysler never mentioned arbitration as an option prior to filing the instant motion. Thus, the Reeds contend that Chrysler's actions reveal that it has chosen to litigate this matter in a judicial forum rather than arbitrate.

The Court is unable to conclude that Chrysler's actions are so inconsistent with the right to seek arbitration that Chryler should be deemed to have waived that right. First, Chrysler was only a party to this lawsuit for about five months before it filed the instant motion. As the Seventh Circuit has noted, taking time -- even months -- to weigh one's options in a case is not inconsistent with the right to seek arbitration. *See St. Mary's*, 969 F.2d at 589. In addition, the Court's review of the docket indicates that Chrysler has yet to file an Answer to the Amended Complaint, has not conducted any discovery, and has not filed any dispositive motions. Further, unlike the parties in *Cabintree of Wisconsin, Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388 (7th Cir. 1995), and *Grumhaus v. Comerica Sec., Inc.*, 223 F.3d 648 (7th Cir. 2000), Chrysler did not select this judicial forum by filing a complaint or seeking removal of the case. Finally, the Court cannot fault Chrysler for its participation in the case management discussions and filing of its preliminary witness and exhibit list by the deadline in the Amended Case Management Plan when those actions were done pursuant to the Court's directives.

The only possible issue is whether Chrysler's decision to file a motion to dismiss should be deemed sufficient to constitute a waiver of the right to arbitrate. The Reeds rely on *St. Mary's* to support their position that it should. However, the Court declines to adopt the Reeds' contention because it finds that the circumstances in *St. Mary's* are easily distinguishable. There, the defendants filed a motion to dismiss or for summary judgment that sought dismissal of the plaintiff's claim on the merits. *St. Mary's*, 969 F.2d at 587. Specifically, the defendants argued that the claim was

barred by the expiration of a statute of limitations and that the plaintiff has failed to state or muster evidence to support a claim. *See id.* Unlike the defendants in *St. Mary's*, Chrysler has not requested a ruling on the merits of the Reeds' claim; it merely argued that this Court was an inappropriate forum for resolving the Reeds' claim against Chrysler.

Based on the foregoing circumstances, the Court concludes that Chrysler has not waived its right to seek arbitration and that arbitration can proceed. Therefore, the Court **GRANTS** Chrysler's request to stay the Reeds' claims against it and to compel arbitration.

### III. CONCLUSION

For the foregoing reasons, Defendant's, DaimlerChrysler Financial Services Americas, LLC ("Chrysler"), Motion to Stay and to Compel Arbitration (Docket No. 75) is **GRANTED**. The parties shall submit Plaintiffs' claim against Chrysler to binding arbitration pursuant to the terms of the agreement, and Plaintiffs are **ORDERED** to participate in the arbitration proceeding. The claims against Chrysler are **STAYED** until completion of the arbitration proceedings and the parties shall notify the Court once arbitration has concluded. Plaintiffs' claims against Defendant Plaza shall remain active and pending.

IT IS SO ORDERED this 7th day of December, 2007.

_____
LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

**Electronically distributed to:**

Christine Denise Campbell
MAPOTHER & MAPOTHER
ccampbell@mapother-atty.com

Bonnie Christine Dragotto
GOMOLINSKI & PHILIPPS LTD
bdragotto@aol.com

Steven James Halbert
shalbertlaw@aol.com

Corinne Cantwell Heggie
HINSHAW & CULBERTSON LLP
cheggie@hinshawlaw.com

David J. Philipps
GOMOLINSKI & PHILIPPS LTD
davephilipps@aol.com

Mary E. Philipps
GOMOLINSKI & PHILIPPS, LTD
mephilipps@aol.com

David M. Schultz
HINSHAW & CULBERTSON
dschultz@hinshawlaw.com